UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARL E. KNAPP,

    Petitioner,

v.                                                                                  CASE NO. 6:04-cv-169-Orl-31

T. S. FORTNER, et al.,

    Respondents.

**ORDER**

    Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a timely response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 14). Petitioner filed a reply to the response (Doc. No. 17).  Petitioner then filed a supplemental authority in support of his petition (Doc. No. 18), and Respondents filed a response to the supplemental authority (Doc. No. 25).

    Petitioner alleges two claims for relief in his habeas petition, worded as follows:

1.      Petitioner's right to Due Process and Equal Protection of the United States Constitution were violated when state court failed to follow or apply state laws or rules pursuant to Fla.R.Crim.P. Rule 3.800(a) and Florida Supreme Court rulings of process as held in <u>Mclin</u> when state court failed to attactch [sic] records that conclusively show defendant is entitled to no relief, failed to conduct a hearing, and failed to issue written reasons why a hearing was unnecessary which decision is reached contrary to clearly established federal law and in violation of Petitioner's Fifth and Fourteenth Amendment rights of the United States Constitution.

      2.      Petitioner's Fourteenth Amendment right to Due Process and Equal Protection of the United States Constitution are violated when state court failed to apply or otherwise follow Florida Supreme Court law as held in <u>Gethers</u> of "transmitted or executed" warrants for purposes of jailtime credit on multi-jurisdictional confinement issues that is contrary to clearly established federal law and in violation of Petitioner's Fifth and Fourteenth Amendment rights of the United States Constitution.

*Procedural History*

In case number 02-33244, Petitioner was charged with possession of cocaine (count one), possession of paraphernalia (count two), and possession of cannabis less than 20 grams (count three). In case number 02-31632, Petitioner was charged with battery on a law enforcement officer (count one), molesting a vending machine (count two), and resisting arrest with violence (count three). In case number 02-34434, Petitioner was charged with one count of fleeing or attempting to elude a law enforcement officer (high speed reckless). On January 29, 2003, Petitioner entered into plea agreements resolving all three cases. Pursuant to the plea agreements, Petitioner entered nolo contendere pleas and was sentenced as follows:

    Case number 02-33244:    a five year term of imprisonment on count one and time served on counts two and three;

    Case Number 02-31632:    five year terms of imprisonment on counts one and three, as a prison releasee reoffender, and time served on count two; and

    Case Number 02-34434:    a five year term of imprisonment.

All sentences were ordered to run concurrently. Petitioner did not file a direct appeal of his convictions or sentences.

Petitioner filed a Florida Rule of Criminal Procedure 3.800(a) motion to correct his sentence, which the trial court summarily denied. The Florida Fifth District Court of Appeal affirmed the denial.

***Claims One and Two***

Essentially, these two claims attack the result of the Rule 3.800 proceedings. Procedurally, it is clear that these claims are not properly reviewable in a federal habeas proceeding. A habeas petition must allege that the petitioner's detention violates the constitution, a federal statute, or a treaty. . . . [A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir.), *cert. denied*, 493 U.S. 1012 (1989). In *Spradley v. Dugger*, 825 F.2d 1566 (11th Cir. 1987), the petitioner argued that the state trial court violated his due process rights when it denied his Rule 3.850 motion because it did not conduct an evidentiary hearing and because its opinion denying relief failed to attach those portions of the record on which it relied. The Eleventh Circuit Court of Appeals held that the state trial court's alleged errors in the Rule 3.850 proceedings did not undermine the validity of the petitioner's conviction; therefore, the claim went to issues unrelated to the cause of the petitioner's detention, and it did not state a basis for habeas relief. *Id*. at 1567; *see also Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir.) ( "Even where there may be some error in state post-conviction proceedings, this would not entitle appellant to federal habeas corpus relief since appellant's claim here represents an attack on a proceeding collateral to detention of appellant and not on the detention itself.") (quotation omitted) (citation omitted), *cert. denied*, 469 U.S. 823 (1984). In his two claims,

Petitioner alleges errors in the state postconviction review process which are not addressable through habeas corpus proceedings; consequently, they must be denied.[1]

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Carl E. Knapp is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 3rd day of October, 2005.

Copies to:
sa 10/3
Counsel of Record
Carl E. Knapp

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[1] Moreover, although gauged in terms of due process and equal protection, the claims involve issues of state law only. This Court expresses no opinion on the state trial court's interpretation of Florida law, and it would be inappropriate to conduct an examination of Florida sentencing law. A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. *See Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *Llamas-Almaguer v. Wainwright*, 666 F.2d 191 (5th Cir. 1982). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'" *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976)). The instant claims are based exclusively on state law matters that are merely "couched in terms of equal protection and due process." *Willeford*, 538 F.2d at 1198. Because Petitioner's claims raise matters of state law only, they must be denied.